IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ROBERT D. JOHNSON,                    *

       Plaintiff,                   *

         v.                          *            CIVIL NO.: WDQ-12-0413

RITE AID CORPORATION,                 *

       Defendant.                   *

    *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Robert D. Johnson, *pro se*, sued Rite Aid Corporation ("Rite Aid") for violation of the Age Discrimination in Employment Act of 1967 as amended ("ADEA").[1]  Pending are Rite Aid's motion for summary judgment and Johnson's motions for continuance to trial. For the following reasons, Rite Aid's motion will be granted, and Johnson's motions will be denied.

I.   Background[2]

Johnson was born on December 31, 1948.  ECF No. 15-2 at Tr. 7:25.  On March 16, 1986, he was hired as a staff pharmacist by Gray Drug Fair which was subsequently purchased by Rite Aid. *Id.* at Tr. 6:2-7.  In 2004, Johnson became a pharmacy manager. *Id.* at Tr. 6:12-13.

---

[1] 29 U.S.C. §§ 621, *et seq.*

[2] In reviewing a motion for summary judgment, the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

On March 22, 2010, Rite Aid produced an Annual Performance
Review[3] for Johnson, then a pharmacy manager at Rite Aid Store
2620 on Fort Avenue in Baltimore, Maryland.  ECF No. 15-3.  In
"Performance Objectives and Targeted Measures," Johnson received
a rating of Needs Development and two ratings of Competent for
an overall rating of Competent; his objective was to focus on
customer service to increase script count and sales.  *Id.* at 1-
3.  For Johnson's Competency Measures, he received one rating of
Needs Development, five of Competent, and one of Above Expecta-
tions, for an overall rating of Competent.  *Id.* at 4.  The
comments stated that it was expected that his sales would
improve.  *Id.* at 4-5.  Johnson's overall rating was Competent,
but he was told that he was in danger of losing that rating if
script counts did not improve.  *Id.* at 6.  On June 29, 2010,
Johnson and Wayne Dyke, pharmacy supervisor, signed the
Performance Review.  *Id.*; ECF No. 15-2 at Tr. 7:14-16.

On August 5, 2010, Dyke removed Johnson, then 61, from his
pharmacy manager position at Store 2620.  *See* ECF No. 15-2 at
Tr. 6:16-18, 14:9.  Dyke said either "I'm not doing this because

---

[3] The Performance Review has five levels of competency: (1)
"Outstanding: Performance consistently exceeds goals and
expectations"; (2) "Above Expectations: Performance consistently
meets all job requirements and job-related competencies"; (3)
"Competent: Performance meets all job requirements and job-
related competencies;" (4) "Needs Development: Performance meets
some job requirements"; and (5) "Unsatisfactory: Performance
does not meet expectations in job-related competencies and is
unacceptable."  ECF No. 15-3 at 1.

of your age but the sales are down and we'll try to keep you on"
or "I am not terminating you from your position because of your
age.  Don't think that."[4]  *Id.* at Tr. 14:10-12, 19:18-19.  There
was no other mention of Johnson's age.  *Id.* at Tr. 19:20-22.
Dyke stated that Johnson was removed because his sales were
down.  *Id.* at Tr. 21:6.

When Johnson was removed, only one other employee[5] had not
been fired or transferred from Store 2620.  *Id.* at Tr. 15:8-11.
The store manager, assistant managers, and cashiers had been
terminated.  *Id.* at Tr. 41:7-15.  Ilori,[6] a staff pharmacist in
his early fifties, had been transferred to a different store.
*Id.* at Tr. 14:25-15:3.

Between August 5 and August 31, 2010, Johnson was a
floater, filling in for pharmacists at other stores.  *See id.* at
Tr. 16:9-16, 18:14-16.  Johnson's salary and benefits did not
change.  *Id.* at Tr. 16:19-17:12.  On September 1, 2010, Johnson
became pharmacy manager at Rite Aid Store 2280 on Martin Luther
King Boulevard in Baltimore.  *See id.* at Tr. 17:13-21, 18:11-13.
Store 2280 had a higher volume of prescriptions than Store 2620.

---

[4] At his deposition, Johnson testified to both versions.

[5] Johnson testified that this employee was "Deli," but there is
no further information in the record.

[6] Ilori's first name is not in the record.

*Id.* at Tr. 18:4-10.   Johnson's compensation and benefits remained the same at Store 2280.   *Id.* at Tr.  18:17-22.

On August 10, 2010, Johnson filed an age discrimination charge with the Equal Employment Opportunity Commission ("EEOC").   ECF No. 1-1.   On November 30, 2011, the EEOC sent Johnson a right to sue letter.  ECF No. 1-3.   On February 10, 2012, Johnson filed suit seeking front pay, back pay, injunctive relief against further retaliation, health care expenses, and other damages.   ECF No. 1.

On August 8, 2012, Rite Aid moved for summary judgment. ECF No. 15.   On August 16, 2012, Johnson moved for continuance to trial.   ECF No. 17.   On August 27, 2012, Rite Aid opposed the continuance.   ECF No. 18.   On September 6, 2012, Johnson again sought a continuance.   ECF No. 19.   On September 24, he opposed the summary judgment motion.   ECF No. 20.   No replies were filed.[7]

---

[7] On September 25, 2012, Johnson filed correspondence stating that on January 31, 2012, Rite Aid had terminated him.   ECF No. 21.   On December 18, 2012, he stated that Rite Aid had committed fraud against the government.   ECF No. 22.   To the extent Johnson is attempting to amend his complaint, he must have the Court's permission or Rite Aid's consent because more than 21 days had passed since Rite Aid served its answer.   *See* Fed. R. Civ. P. 15(a)(1).   The Court notes that the date of termination alleged predates Johnson's filing of the complaint.   *See* ECF No. 1.

## II.   Analysis

### A.   Summary Judgment

#### 1.   Legal Standard

Under Fed. R. Civ. P. 56(a), summary judgment "shall [be] grant[ed]   . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[8]  In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [his] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial,"

_____

[8] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

*Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526
(4th Cir. 2003) (internal quotation marks omitted).

       2.   Rite Aid's Motion

Rite Aid argues that Johnson has failed to carry his burden
to defeat summary judgment.  ECF No. 15-1.  Johnson has not
directly opposed the motion.[9]

The ADEA makes it "unlawful for an employer . . . to
discharge any individual or otherwise discriminate against [him]
with respect to his compensation, terms, conditions or
privileges of employment because of [his] age."  29 U.S.C. §
623(a).  To succeed on an ADEA claim, the plaintiff must be at
least 40 years old and "'prove, by a preponderance of the
evidence . . . that age was the 'but-for' cause of the
challenged employer decision.'"[10]

A plaintiff can prove his employer's discrimination through
one of two methods.[11]  First, he may use "any direct or indirect
evidence relevant to and sufficiently probative of the issue,"
under "ordinary principles of proof."  *Burns v. AAF-McQuay,*

---

[9] Johnson has submitted several documents discussing Rite Aid's
alleged Medicaid and Medicare fraud, but that is not relevant to
his ADEA claim.  *See, e.g.*, ECF No. 20.

[10] 29 U.S.C. § 631(a); *Bodkin v. Town of Strasburg,* 386 F. App'x
411, 413 (4th Cir. 2010) (per curiam) (*quoting Gross v. FBL Fin.
Servs., Inc.,* 557 U.S. 167, 177-78 (2009)).

[11] *Hill v. Lockheed Martin Logistics Mgmt., Inc.,* 354 F.3d 277,
284 (4th Cir. 2004).

*Inc.*, 96 F.3d 728, 731 (4th Cir. 1996) (internal quotation marks omitted).  To avoid summary judgment, the plaintiff must produce "direct evidence of a stated purpose to discriminate and/or [indirect] evidence of sufficient probative force to reflect a genuine issue of material fact."[12]  Absent direct evidence of discrimination, the Court applies the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[13]

---

[12] *Rhoads v. FDIC*, 257 F.3d 373, 391 (4th Cir. 2001) (alteration in original) (internal quotation marks omitted).

[13] Under *McDonnell Douglas*, the plaintiff must first establish a prima facie case of discrimination. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010).  The plaintiff must establish that: (1) he was protected by the ADEA; (2) "he suffered an adverse employment action"; (3) "he was at the relevant time performing his duties at a level that met his employer's legitimate expectations"; and (4) "his position remained open or was filled by a similarly qualified applicant outside the protected class." *Loveless v. John's Ford, Inc.*, 232 F. App'x 229, 234-35 (4th Cir. 2007) (per curiam) (*citing Hill*, 354 F.3d at 285).  If he does, "a presumption of illegal discrimination" arises, and the burden of production shifts to the employer to articulate a nondiscriminatory reason for its adverse decision. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336 (4th Cir. 2011).  "If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted," *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981), and the *McDonnell Douglas* framework "drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).  The plaintiff must then prove by a preponderance of the evidence that "the proffered reason was not the true reason for the employment decision," and that the true reason was discrimination. *Burdine*, 450 U.S. at 256.  He may do this directly or indirectly, by "persuading the court that a discriminatory reason more likely motivated the employer" or by showing that the employer's explanation is "unworthy of credence." *Id.*

7

To prove discrimination, Johnson relies upon the direct evidence of Dyke's statement that the change in Johnson's position was not because of his age. *See* ECF Nos. 1, 15-2 at Tr. 14:10-12, 19:18-19. The evidence, however, shows that Johnson and nearly every other employee at Store 2620 were removed because sales were down. *See* ECF No. 15-2 at Tr. 7:10-12, 19:18-19. Johnson's Annual Performance Review had indicated sales volume problems. *See* ECF No. 15-1. By being transferred, Johnson fared better than many other employees, who were terminated. *See* ECF No. 15-2 at Tr. 41:7-15. Accordingly, there is no direct evidence that age was the reason for Johnson's removal from Store 2620.

Johnson has also not carried his burden under *McDonnell Douglas*. He has failed to make a prima facie case: there is no evidence about whether his position remained open or was filled by someone substantially younger. *See Loveless*, 232 F. App'x at 234-35. Even if he had made a prima facie case, Rite Aid has articulated a nondiscriminatory reason for removing Johnson from Store 2620: sales were down, leading to the removal of virtually all store employees. *See* ECF No. 15-2 at Tr. 41:7-15. Johnson has offered no evidence in rebuttal. Accordingly, Rite Aid is entitled to summary judgment. *See Burdine*, 450 U.S. at 256.

B.    Motions for Continuance to Trial

Johnson asserts that the Court must proceed to trial because Rite Aid has committed Medicaid and Medicare fraud.  ECF No. 17, 19.  Regardless of the truth of Johnson's allegations, the complaint alleges only an ADEA claim.  *See* ECF No. 1. Johnson has not sought permission or consent to amend his complaint, *see* Fed. R. Civ. P. 15(a), and his allegations of fraud do not raise a genuine issue of material fact or otherwise affect the summary judgment analysis, *see* Fed. R. Civ. P. 56(a). As summary judgment will be granted on the ADEA claim, there are no claims remaining for trial.  Johnson's motions will be denied.

III. Conclusion

For the reasons stated above, Rite Aid's motion for summary judgment will be granted.  Johnson's motions for continuance to trial will be denied.

_2/21/13_
Date

_____
William D. Quarles, Jr.
United States District Judge